UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNESS W. V.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:21-CV-907-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not harmfully err when he evaluated the medical opinions of an examining physician or Plaintiff's mental health therapist; nor did the ALJ err in determining Plaintiff's residual functional capacity ("RFC"). Thus, the Court affirms.

## FACTUAL AND PROCEDURAL HISTORY

On November 16, 2012, Plaintiff filed applications for DIB and SSI, alleging disability as of April 1, 2010. *See* Dkt. 8, Administrative Record ("AR") 222–29, 245. The applications were denied upon initial administrative review and on reconsideration. *See* AR 103–06. A hearing was held before ALJ Glenn Meyers on January 21, 2014. *See* AR 36–76. In a decision dated February 28, 2014, ALJ Meyers determined Plaintiff to be not disabled. *See* AR 17–35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 6–12; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff filed a complaint in this Court on September 12, 2015. AR 560–62. On August 12, 2016, Magistrate Judge James P. Donohue issued a report and recommendation that the Commissioner's decision be reversed and remanded; in an order issued the same day, Judge Benjamin R. Settle adopted the report and recommendation in its entirety. *See* AR 568–69, 571–92. In an order dated September 2, 2016, the Appeals Council remanded the case for a new hearing. AR 593–97.

This new hearing was held before the same ALJ on January 9, 2018. AR 523–59. On June 23, 2018, ALJ Meyers issued a second decision in which he again found Plaintiff to be not disabled. AR 499–522. Plaintiff's request for review of this decision was denied by the Appeals Council on April 24, 2019, leading Plaintiff to seek review anew in this Court. AR 484–89.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in: (1) evaluating the medical opinion evidence; and (2) evaluating Plaintiff's RFC. Dkt. 13, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ Properly Evaluated the Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of medical opinions from examining psychologist David Widlan, Ph.D., and treating mental health therapist Shelby Kanaly. Dkt. 13, pp. 3–16.

### A. Standard of Review

Pursuant to the applicable rules, in assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

"The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 (9th Cir. 1995) (citing *Pitzer*, 908 F.2d at 506 n. 4, and *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)). An ALJ may not rely on the opinion of

a non-treating, non-examining physician to discredit an examining physician unless the non-examining physician's opinion is supported by, and consistent with, other evidence in the record. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Mental health therapists are "other sources," and their opinions may be given less weight that those of "acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996) ("acceptable medical sources" include, among others, licensed physicians and licensed or certified psychologists); *see also* 20 C.F.R. § 404.1513(d), § 416.913(d). Nevertheless, evidence from such "other sources" may be used to "show the severity" of a claimant's impairments and their effect on the claimant's ability to work. 20 C.F.R. § 404.1513(d), § 416.913(d). Given the fact that they are not acceptable medical sources, however, evidence from these "other sources" may be discounted if, as with evidence from lay witnesses in general, the ALJ "gives reasons germane to each [source] for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**B. Opinion of Dr. Widlan**

Dr. Widlan evaluated Plaintiff on July 25, 2014, administering a clinical interview, mental status examination, the Beck Depression and Anxiety Inventories, and a trailmaking test. AR 725–33. Dr. Widlan diagnosed Plaintiff with childhood-onset post-traumatic stress disorder ("PTSD"), recurrent, moderate to severe major depressive disorder, gender identity disorder, and a cognitive disorder not otherwise specified. AR 726. Owing to these impairments and to the results of his evaluation, Dr. Widlan opined that Plaintiff would be markedly limited in her ability to adapt to changes in a routine work setting or communicate and perform effectively in a work setting. In addition, Dr. Widlan opined that Plaintiff would be severely limited in her ability to complete a normal workday or work week. AR 727.

The ALJ gave little weight to this opinion, reasoning that it was (1) based on a one-time examination; (2) unsupported by Plaintiff's mental status examination; and (3) inconsistent with evidence of Plaintiff's involvement in her community.

With respect to the ALJ's first reason, "'[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them' unless there is additional evidence demonstrating impropriety." *Case v. Astrue*, 425 F. Appx. 565, 566 (9th Cir. 2011) (quoting *Lester*, 81 F. 3d at 832). In addition, while the fact that Dr. Widlan examined Plaintiff only once would be a valid reason to give his opinion less weight than that of a treating physician, it is not a reason that justifies giving preference to the opinion of state agency consultants who have never examined the Plaintiff. *Lester*, 81 F.3d at 832 (citing 20 C.F.R. § 404.1527(d)(1)). Such is the case here, as the ALJ gave the most weight to the opinions of two non-examining state agency consultants. AR 511. Thus, this was not a specific and legitimate reason to reject the opinion. *See Lester*, 81 F.3d at 830–31.

As to the ALJ's second reason, an ALJ may reject a treating or examining physician's opinion on the ground that it is not supported by objective medical findings. *Magallanes*, 881 F.2d at 754. Yet "a bare assertion by an ALJ that the 'objective medical evidence' does not support a physician's opinion fails to constitute a specific and legitimate reason." *Ramirez v. Berryhill*, 739 Fed. Appx. 428, 431 (9th Cir. 2018). Here, the ALJ pointed to Dr. Widlan's own mental status examination, which showed Plaintiff's thought process and content, orientation, perception, fund of knowledge, abstract thinking, and insight and judgment within normal limits. AR 512 (citing AR 727). The ALJ did not address the results in the categories of memory and concentration, in which Plaintiff fell outside normal limits. *See* AR 727–28. By not addressing these findings, the ALJ's analysis of Plaintiff's condition was incomplete and selectively

focused. An ALJ may not "cherry pick" from the record to support a conclusion, but must account for the context of the record as a whole. *See generally Reddick,* 157 F.3d at 722–23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record."). An incomplete analysis of Dr. Widlan's mental status examination was not a specific and legitimate reason for discounting his ultimate opinion.

With respect to the ALJ's third reason, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick*, 157 F.3d at 722 (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)). Here, the ALJ found that Dr. Widlan's opinion was inconsistent with

> the evidence demonstrating [Plaintiff]'s abilities to participate in political activities and advocacy for the transgender community in ways that demonstrate her ability to communicate and sustain long-term projects and activities.

AR 512.

The ALJ described numerous references to Plaintiff's volunteer work in the record elsewhere in his decision. These included presenting at the Seattle mayor's office and speaking at Seattle City Hall, giving several video interviews with both activists and reporters, leading the Gender Alliance of South Sound organization, and traveling to Reno for a game competition after creating a board game. AR 510–11 (citing AR 738, 840, 899, 907, 915, 957).

Plaintiff denies her volunteer work or activities reflect the ability to sustain competitive employment, deems the identified inconsistencies insignificant, and construes the evidence as consistent with her history of psychological impairment. However, the ALJ's interpretation of the evidence is at least equally rational and a proper basis for discounting Dr. Widlan's more restrictive opinion on limitations. The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan*, 169 F.3d at 599. While plaintiff may take an alternative view of the evidence of her activities, she does not demonstrate the ALJ's interpretation was not rational. Because the ALJ provided a specific and legitimate reason for discounting Dr. Widlan's opinion, Plaintiff has not shown error. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944–45 (9th Cir. 2017) (citing *Carmickle,* 533 F.3d at 1162 (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion")).

**C. Opinion of Shelby Kanaly**

Shelby Kanaly, MHP, Plaintiff's therapist for over two years at Seattle Counseling Services, produced a letter in support of Plaintiff's applications for benefits on January 5, 2018. AR 996. Therein, she stated that Plaintiff had been diagnosed with PTSD, moderate recurrent major depressive disorder, and gender dysphoria. *Id.* Regarding the limitations caused by these impairments, Kanaly wrote that Plaintiff's "short-term and long-term memory is significantly impaired," she "struggles with social functioning including the general public, and acquaintances," "has difficulty responding to external stimuli when there are demands and

expectations of her," and her "[a]bility to care for herself is a persistent challenge for her." Ms. Kanaly went on to state that

> It is my clinical impression that her symptoms would likely interfere with her ability to maintain regular attendance in employment. She does not appear to have the capacity to sustain attention, remember tasks, and maintain a consistent pace over a two hour period. [Plaintiff]'s memory limitations, fatigue, distress intolerance, and lack of social support cause significant interference with her functionality. It does not appear that [Plaintiff] is capable of maintaining employment.

AR 996. In a separate form, Ms. Kanaly indicated Plaintiff would have marked or severe limitations in her ability to sustain almost any activity over a normal workday and work week. AR 997–98.

In giving "little weight" to this opinion, the ALJ noted its inconsistency with (1) mental status evaluations showing normal memory; (2) Plaintiff's volunteering and political activity; and (3) Social Security regulations, which reserve to the Commissioner the ultimate issue of a claimant's ability to work. AR 512. The Court focuses on the second reason, which, if supported, is a germane reason for rejecting Ms. Kanaly's opinion.

With respect to the ALJ's second reason, as stated above, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins*, 261 F.3d at 856. Here, the ALJ specifically contrasted Plaintiff's activities with Ms. Kanaly's opinions that Plaintiff "struggled with social functioning including with the general public and acquaintances" and that Plaintiff "did not appear to have the capacity to sustain attention, remember tasks, and maintain a consistent pace over a two-hour period." The ALJ noted that Plaintiff's political and volunteer activities "involved public interaction and appearances," including her public speaking and multiple interviews; that Plaintiff "held management roles in some of her activities and demonstrated advocacy skills," including leading Gender Alliance of

South Sound and helping dozens in their efforts to obtain housing, and that "she persisted at some of her projects, such as many housing projects, for many years." AR 512.

Again, Plaintiff presents a differing interpretation of the evidence in question. Dkt. 13, pp. 14–15. Yet the existence of an alternative interpretation of the evidence, even if reasonable, does not show that the ALJ's interpretation was unreasonable. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992) (explaining that the Court should not supplant the agency's findings merely because alternative findings could also be supported by substantial evidence). The "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). This Court will uphold the ALJ's findings if inferences reasonably drawn from the record support them, even when the evidence is susceptible to more than one rational interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Here, the ALJ reasonably concluded Ms. Kanaly's opinion was inconsistent with other evidence in the record and substantial evidence supports the ALJ's findings, and Plaintiff does not show error.

Given that the ALJ provided at least one germane reason for discounting Ms. Kanaly's opinion, the Court need not evaluate the ALJ's other reasons, as any error would be harmless. *Presley-Carrillo*, 692 Fed. Appx. at 944–45.

**II. Whether the ALJ's RFC Determination was Proper**

Plaintiff challenges the ALJ's finding that she would be off task for 10% of a workday and absent from work eight times a year. *See* AR 508. Plaintiff argues that this finding is arbitrary and unsupported by any particular evidence in the record. Dkt. 13, p. 16.

The RFC determination need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Plaintiff does not establish error in the ALJ's RFC assessment simply by stating that no particular evidence establishes the existence of this limitation. Nor has Plaintiff pointed to evidence credited by the ALJ indicating that she would be off-task for a higher percentage of the workday. In light of Plaintiff's failure to show that the ALJ's RFC assessment is inconsistent with any particular evidence in this respect, Plaintiff has not met her burden of establishing error in the ALJ's decision. *See Molina*, 674 F.3d at 1111.

In arguing otherwise, Plaintiff cites a decision of the Social Security Appeals Council in an unrelated case, in which the Appeals Council reversed an ALJ's decision on this basis. Dkt. 13, p. 17. However, Plaintiff provides no additional detail about this case. Further, Plaintiff does not cite any authority, and the Court has not identified any authority, to support the proposition that a decision of the Appeals Council has precedential value. Plaintiff's argument is unpersuasive.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 31st day of March, 2022.

David W. Christel
United States Magistrate Judge